# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: July 31, 2024)

```
* * * * * * * * * * * * *
DANIEL STEWART BOTTI         *
                             *   No. 21-2256V
          Petitioner,        *
                             *   Special Master Dorsey
v.                           *
                             *   Attorneys' Fees and Costs
                             *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
          Respondent.        *
* * * * * * * * * * * * *
```

Eric J. Neiman, Epstein Becker & Green, P.C., Portland, OR, for petitioner.
James Vincent Lopez, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 2, 2021, Daniel Stewart Botti ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that as a result of an influenza ("flu") vaccination administered on October 22, 2020, he suffered bilateral neuralgic amyotrophy. Petition at Preamble (ECF No.1). On January 3, 2024, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 48).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On February 7, 2024, petitioner filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF Nos. 56-58).  Petitioner requests compensation in the amount of $44,554.00, representing $44,074.00 in attorneys' fees and $480.00 in costs. Fees App. at 2-3. Respondent filed his response on February 7, 2024, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 97). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS IN PART petitioner's motion and awards a total of $37,665.50.**

### I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1).  In this case, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

#### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

A reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Avera, 515 F.3d at 1348 (citation and quotation omitted). The decision in McCulloch provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), motions for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has subsequently updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules. The schedules for 2021, 2022, 2023, and 2024, which are derived from the decision in McCulloch, have been adjusted annually for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL") and can be accessed online.[3]

---

[3] The Attorneys' Fee Schedules are available at http://www.cofc.uscourts.gov/node/2914.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

      i. **Reasonable Hourly Rates**

Petitioner requests the following hourly rates for the work of their counsel at Epstein Becker & Green, P.C.: for Mr. Eric J. Neiman, $500.00 per hour for work performed between 2021 and 2024; for Ms. Alexandra McLain, $350.00 per hour for work performed between 2021 and 2023; for Ms. Agatha Estacio-Heilich, $350.00 per hour for work performed in 2023; for Ms. Rachael Grey, $350.00 per hour for work performed in 2022 and 2024; and for paralegals Julie Albright and Kelley Chaney, $225.00 per hour for work performed between 2021 and 2023. Some of these rates require adjustment.

Mr. Neiman has been a practicing attorney since 1982, (ECF No. 57 at 1), placing him in the range of attorneys with 31+ years' experience based on the OSM Attorney's Fee schedules. Mr. Neiman also has nearly 10 years' experience representing petitioners in the Vaccine Program. Id. Although within the Fee schedule's published range for comparably-experienced attorneys, Mr. Neiman's requested rate of $500 for his time billed in 2021 and 2022, is not commensurate with what an attorney with comparable overall legal *and* Vaccine Act-specific experience would receive in the Vaccine Program. Accordingly, based on the undersigned's experience applying the factors relevant to determining proper hourly rates for Program attorneys, it reasonable to compensate Mr. Neiman at a rate of $470.00 per hour for 2021, and

$485.00 for 2022. Mr. Neiman's requested rate of $500.00 is reasonable for 2023 and 2024. **This reduces the amount of fees awarded herein by $54.00**.[4]

      Attorneys Alexandra McLain and Agatha Estacio-Heilich have both been practicing attorneys for over four years, respectively (Fees App. at 5), placing them in the range of attorneys with 4-7 years' experience based on the OSM Fee Schedules. Such attorneys are entitled to hourly rates between $275 - $386 for work performed in 2022 and 2023. Although, Ms. McLain's 2022 rate falls within the appropriate experience range, she did not have demonstrated Vaccine Act experience proportionate to that rate, and it is therefore inappropriate for her to receive a rate established for comparably experienced counsel who also had more experience in the Program. McCulloch, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Instead, the undersigned finds it reasonable to compensate Ms. McLain at a rate of $315.00 per hour for 2022, and will award both attorneys the requested rate of $350.00 per hour for 2023. **This further reduces the amount of fees to be awarded herein by $164.50**.[5]

      Attorney Rachael Grey has been a practicing attorney for more than one year (Fees App. at 5), placing her in the range of attorneys with less than four years' experience based on the OSM Fee Schedules. Such attorneys are entitled to hourly rates between $177 - $305 for work performed in 2022 and 2024. Ms. Grey's requested rate of $350 therefore exceeds the Vaccine Program's published ranges for comparably experienced attorneys. The undersigned finds it reasonable to compensate Ms. Grey at a rate of $210.00 per hour for 2022, and $300.00 per hour for 2024. **This further reduces the amount of fees to be awarded herein by $1,165.00**.[6]

      Finally, for paralegal work, petitioner requests $225.00 per hour for all time billed between 2021 and 2023. Fees App. at 3. This rate exceeds the Vaccine Program's published ranges for paralegals for the given timeframe, and therefore requires adjustment. The undersigned shall instead compensate all paralegal work performed between 2021 and 2023, at the reduced rate of $160.00 per hour for 2021, $170.00 per hour in 2022, and $180.00 per hour in 2023. These rates are more comparable to what a paralegal would receive for said years. **This further reduces the amount of fees to be awarded by $5,505.00**.[7]

---

[4] Mr. Neiman originally billed 12.4 hours at a rate of $500 per hour, totaling $6,200. Using the rates established herein, Mr. Neiman is now awarded: (($470 x 1 hour) + ($485 x 1.6 hours) + ($500 x 9.2 hours) + ($500 x 0.6 hours)) = $6,146. This results in a reduction of $54.

[5] Ms. McLain originally billed 26.2 hours at a rate of $350 per hour, totaling $9,170. Using the rates established herein, Ms. McLain is now awarded: (($315 x 4.7 hours) + ($350 x 21.5 hours)) = $9,005.50. This results in a reduction of $164.50.

[6] Ms. Grey originally billed 21.7 hours at a rate of $350 per hour, totaling $7,585. Using the rates established herein, Ms. Grey is now awarded: (($210 x 1 hour) + ($300 x 20.7 hours)) = $6,420. This results in a reduction of $1,165.

[7] The paralegals' fees were originally billed at a rate of $225 per hour for 92.2 hours, totaling $20,745. Using the rates established herein, the paralegals' fees are awarded as follows: (($160 x 62.9 hours) + ($170 x 9.8 hours) + ($180 x 19.5 hours)) = $15,240. This results in a reduction of $5,505.

### ii.    Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either. **Petitioner is therefore awarded final attorneys' fees of $37,185.50**.

### b.   Attorneys' Costs

Petitioner requests a total of $480.00 in attorneys' costs. This amount is comprised of acquiring medical records, postage, and the Court's filing fee. Fees App. Ex. 3 at 15-17. The undersigned has reviewed the requested costs and finds them to be reasonable for the work performed in this case. Accordingly, the full amount of costs shall be awarded.

## II.    Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and their counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $44,074.00 |
| (Total Reduction from Billing Hours) | ($6,888.50) |
| **Total Attorneys' Fees Awarded** | **$37,185.50** |
| | |
| Attorneys' Costs Requested | $480.00 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$480.00** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$37,665.50** |

**Accordingly, the undersigned awards $37,665.50 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Eric J. Neiman.**

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[8]

      **IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.